UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, | CASE NO. C12-1085-RSM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| HEATHER RIDGE, L.P., a California limited partnership; DWA OF BELVEDERE COMPANY, a Washington corporation; and CAL LEENSTRA and BERNETTA LEENSTRA, husband and wife, and the marital community comprised thereof, | |
| Defendants. | |

This matter comes before the Court upon Plaintiff's Motion for Summary Judgment, (Dkt. # 17). For the reasons set forth below, Plaintiff's motion is GRANTED.

## I. BACKGROUND

On May 11, 2012, Cal and Bernetta Leenstra (the "Leenstras") filed a Second Amended Complaint for Fraudulent Concealment and Breach of Contract ("Underlying Complaint")

1   against Heather Ridge L.P. and DWA of Belvedere Company (collectively "Defendants") in

2   Whatcom County Superior Court. The Leenstras suit arises from their purchase of two apartment

3   complexes located in Bellingham, Washington from Defendants.  The Leenstras claim that at the

4   time of the sale Defendants knew, or should have known, that the apartments had "extensive

5   defects including, but not necessarily limited to, water intrusion, rot and mold issues, infestations

6   and structural defects" that rendered the apartments "unsound and unsafe." Dkt. # 1, 13.

7          Plaintiff provides liability insurance coverage of defendant Heather Ridge under the

8   Apartment Policy No. 98-00-1602-8 (the "Policy"). The pertinent portions of the Policy provide

9   the following:

10         Coverage L – Business Liability

11         We will pay those sums that the insured becomes legally obligated to pay as
           damages because of bodily injury, property damage, personal injury or advertising
12         injury to which this insurance applies. . . . This insurance applies only:

13         1. to bodily injury or property damage caused by an occurrence which takes place
           in the coverage territory during the policy period.
14
    Dkt. # 18-1, 2.
15
           The term "occurrence" is defined as "an accident, including continuous or repeated
16
    exposure to substantially the same general harmful conditions which result in bodily injury or
17
    property damage." Dkt. # 18-1, 14. The term "property damage" is defined as
18
           a. physical injury to or destruction of tangible property, including loss of use of
19         that property. All such loss of use will be considered to occur at the time of the
           physical injury that caused it; or
20
           b. loss of use of tangible property that is not physically injured or destroyed,
21         provided such loss of use is caused by physical injury to or destruction of other
           tangible property. All such loss of use will be considered to occur at the time of
22         the occurrence that caused it.

23   Dkt. # 18-1, 14.

24

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

1    Defendants tendered the Underlying Complaint to Plaintiff for defense.  Plaintiff agreed

2    to defend Defendants but reserved its right to challenge its duties to defend and indemnify under

3    the Policy.  Plaintiff now moves for summary judgment (Dkt. # 17) declaring (1) that the policy

4    does not provide coverage for Defendants from the Leenstras claims, (2) that Plaintiff has no

5    duty to defend Defendants, (3) that Plaintiff may withdraw the defense it is currently providing

6    to Defendants, and (4) that Plaintiff has no duty to indemnify Defendants for any judgment from

7    the underlying action.  Defendants have cross-moved for summary judgment (Dkt. # 23)

8    declaring that Plaintiff owes a duty to defend and a duty to indemnify.

9                                    **II. DISCUSSION**

10   **A.  Legal Standard**

11   Summary judgment is proper where "the movant shows that there is no genuine dispute

12   as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

13   56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary

14   judgment, a court does "not weigh the evidence or determine the truth of the matter but only

15   determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549

16   (9th Cir. 1994) (citing *FDIC v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on*

17   *other grounds*, 512 U.S. 79 (1994)). Material facts are those which might affect the outcome of

18   the suit under governing law. *Anderson,* 477 U.S. at 248.

19   The Court must draw all reasonable inferences in favor of the non-moving party. *See*

20   *O'Melveny & Myers*, 969 F.2d at 747. However, the nonmoving party must "make a sufficient

21   showing on an essential element of her case with respect to which she has the burden of proof" to

22   survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If a party fails

23   to properly support an assertion of fact or fails to properly address another party's assertion of

24   fact as required by Rule 56(c), the [C]ourt may . . . consider the fact undisputed for purposes of

1   the motion" or the Court may "grant summary judgment if the motion and supporting materials .

2   . . show that the movant is entitled to it." FED. R. CIV. P. 56(e)(2)-(3). Whether to consider the

3   fact undisputed for the purposes of the motion is at the Court's discretion and the Court "may

4   choose not to consider the fact as undisputed, particularly if the [C]ourt knows of record

5   materials that should be grounds for genuine dispute." FED. R. CIV. P. 56, advisory committee

6   note of 2010.  On the other hand, "[t]he mere existence of a scintilla of evidence in support of the

7   plaintiff's position will be insufficient; there must be evidence on which the jury could

8   reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. In the context of a contract dispute,

9   interpretation of a contract is a matter of law properly decided on summary judgment. *United*

10  *States v. King Features Entm't, Inc.*, 843 F.2d 394, 398 (9th Cir. 1988).

11          Both parties agree that Washington State law applies to this diversity action. *See* Dkt. #

12  17; Dkt. # 23.

13  **B.  Duty to Defend**

14          Plaintiff asserts that it has no duty to defend Defendants because the claims alleged

15  against Defendants are clearly not covered by the Policy. Dkt. # 17, 10.  The Court agrees.

16          In Washington, an "insurer's duty to defend is broader than its duty to indemnify. The

17  duty to defend arises at the time an action first brought, and is based on the potential for

18  liability." *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wash. 2d 751, 760, 58 P.3d 276 (Wash.

19  2002).  "The duty to defend 'arises when a complaint against the insured, construed liberally,

20  alleges facts which could, if proven, impose liability upon the insured within the policy's

21  coverage.'" *Id.* (quoting *Unigard Ins. Co. v. Leven*, 97 Wash. App. 417, 425, 983 P.2d 1155

22  (Wash. Ct. App. 1999)).  Ambiguous complaints must be liberally construed in favor of trigging

23  the duty to defend and an insurer is only relieved from the duty to defend when the alleged claim

24  is clearly not covered by the policy. *Id.* "If the insurer is unsure of its obligation to defend, it may

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

1   defend under a reservation of rights, while seeking a declaratory judgment that it has no duty to

2   defend." *Allstate Ins. Co. v. Bowen*, 121 Wash. App. 879, 883-84, 91 P.3d 897 (Wash. Ct. App.

3   2004).

4         Plaintiff argues that it has no duty to defend because the Leenstras claims are clearly not

5   covered by the Policy. Dkt. # 17, 10.  The Underlying Complaint alleges that Defendant

6   fraudulently concealed numerous concealed defects that resulted in damage to the Leenstras and

7   also resulted in a breach of contract. Dkt. # 1, 14-15. Plaintiff alleges that any "property damage"

8   was not "caused by an occurrence" as required under the Policy. Dkt. # 17, 16.

9         "The interpretation of insurance policy language is a question of law." *Bowen*, 121 Wash.

10  App. at 884.  Insurance policies are construed as contracts and the policy, as a whole, should be

11  given a "fair, reasonable, and sensible construction, as would be given to the contract by the

12  average person purchasing insurance." *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wash. 2d 165,

13  171, 110 P.3d 733 (Wash. 2005) (internal citations omitted).

14        Here, the Policy states, in pertinent part, that "[t]his insurance applies only: 1. to bodily

15  injury or property damage caused by an occurrence." Dkt. # 18-1, 2.  Under the Policy "property

16  damage" is defined as "a. physical injury to or destruction of tangible property . . . or, b. loss of

17  use of tangible property." Dkt. # 18-1, 14.  An "occurrence" is defined as "an accident, including

18  exposure to continuous or repeated exposure to substantially the same general harmful conditions

19  which resulted in bodily injury or property damage." Dkt. # 18-1, 14.  Washington courts

20  interpreting the term "occurrence" "hold that the coverage triggering 'occurrence' refers to the

21  event causing injury to the complaining party, not the earlier event that created potential for

22  future injury." *Wellbrock v. Assurance Co. of Am.*, 90 Wash. App. 234, 243, 951 P.2d 367

23  (Wash. Ct. App. 1998), *review denied,* 136 Wash. 2d 1005, 966 P.2d 902 (Wash. 1998).

24

1    The "occurrence" in this case is the alleged fraudulent concealment[1] and breach of

2  contract. Dkt. # 1, 14.  In order for the policy to cover Defendants for these claims the fraudulent

3  concealment and breach of contract must have "caused" the property damage.  Here that is not

4  the case for two reasons.  First, the Leenstras acknowledge that the property damage preexisted

5  the Defendants' alleged fraudulent concealment. Dkt. # 1, 14 at ¶¶3.1-3.2.  Therefore, the

6  Defendants' alleged actions do not constitute an "occurrence" under *Wellbrock* and could not

7  have "caused" the "extensive water intrusion, rot and mold issues, infestations and structural

8  defects." Dkt. # 1, 14.

9    Second, the alleged fraudulent concealment and breach of contract does not assert a claim

10  for "property damage."  This case is very similar to the cases of *Safeco Insurance Company of*

11  *America v. Andrews*, 915 F.2d 500 (9th Cir. 1990), and *Allstate Insurance Company v. Miller*,

12  743 F. Supp. 723 (N.D. Cal. 1990).  The underlying claims in both *Andrews*, 915 F.2d at 501,

13  and *Miller*, 743 F. Supp. at 724, stated claims for misrepresentations allegedly made during the

14  formation of a real estate contract.  In both of those cases the courts found that there was no duty

15  to defend because claims for misrepresentation result in economic damages which are "outside

16  the plain meaning of [a] policy which limits recovery to bodily injury or property damage,

17  defined as physical injury to or destruction of tangible property." *Miller*, 743 F. Supp. at 727;

18  *accord Andrews*, 915 F.2d at 502.  While both the *Andrews*, 915 F.2d at 501, and *Miller*, 743 F.

19  Supp. at 725, courts applied California law, their reasoning applies equally to this case.

20

21
_____

22  [1]On a claim of fraudulent concealment a sellers duty to disclose arises "(1) where the residential dwelling has a concealed defect; (2) the vendor has knowledge of the defect; (3) the defect

23  presents a danger to the property, health, or life of the purchaser; (4) the defect is unknown to the purchaser; and (5) the defect would not be disclosed by a careful, reasonable inspection by the

24  purchaser." *Alejandre v. Bull*, 159 Wash. 2d 674, 689, 153 P.3d 864 (Wash. 2007).

1    Here, the damages that the Leenstras seek for their claims of fraudulent concealment and

2    breach of contract are economic in nature. *See Alejandre*, 159 Wash. 2d at 685 ("economic losses

3    are generally distinguished from physical harm or property damage . . . The distinction is drawn

4    based on the nature of the defect and the manner in which damage occurred). Since "economic

5    damages" are not "property damage" and the Policy only covers "bodily injury or property

6    damage caused by an occurrence" the claims are clearly not covered by the Policy.  Thus,

7    Plaintiff does not have a duty to defend Defendants.

8    Defendants argue the holdings in both *Bowen*, 121 Wash. App. At 885, and *Allstate*

9    *Insurance Co. v. Thomson*, No. C07-0739RSL, 2008 WL 687442, at *3 (W.D. Wash. March 10,

10   2008), apply and the Court should find Plaintiff's have a duty to defend. Dkt. # 23, 5-6.

11   However, both of those cases are distinguishable from the facts here.  First, the underlying

12   allegations in *Bowen* included an "alleged intention, **negligent, or innocent** failure to disclose."

13   121 Wash. App. at 886 (emphasis added).  There, the court found that the question of whether

14   the failure to disclose was an "accident" and constituted an "occurrence" was ambiguous. *Id.*

15   (citing THOMAS V. HARRIS, WASHINGTON INSURANCE LAW 17-2, sec. 17.1 (1995 &

16   Supp. 2003) ("If a third-party claimant alleges that his damages are the result of the negligent

17   and/or intentional acts of the insured, the parties will not be able to determine whether there is

18   coverage until the underlying tort case has been resolved.")).  Therefore, the court found a duty

19   to defend.

20   In *Thomson*, the court[2] held that there was a duty to defend because the underlying

21   allegations were almost identical to the underlying allegations in *Bowen*, "the underlying

22

23   _____

24   [2] The Court notes that the *Thomson* court did not address whether a claim of fraud invoked the
     duty to defend because the parties conceded the issue. 2008 WL 687442, at *2.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

1   complaint alleges property damage, intentional **or negligent** failure to disclose, and resulting

2   damage." 2008 WL 687442, at *3 (emphasis added). Therefore, the allegations trigger the duty

3   to defend because of the existence of a similar ambiguity. *See id.* ("As in *Bowen*, those

4   allegations triggered the duty to defend.").

5          In contrast to those two cases, here the question is not ambiguous.  As previously

6   discussed the Defendants' alleged failure to disclose could not have caused the property damage.

7   Additionally, the Leenstras alleged fraudulent concealment, not negligence. Dkt. # 1, 14.

8   Defendants assert that the Underlying Complaint implies a claim of negligence[3] because the

9   factual allegations state that "Defendants 'knew or should have known' about the property

10  defects." Dkt. # 27, 3 (quoting Underlying Complaint, Dkt. # 1, 13 at ¶2.6).  However,

11  Defendants carefully ignored the elements identified in the Leenstras' first cause of action for

12  fraudulent concealment. Dkt. # 1, 14 at ¶3.2.  Rather than restate their factual allegation, the

13  Leenstras state the elements of fraudulent concealment and specifically state that "Heather Ridge

14  **knew** the Apartments had numerous concealed defects." Dkt. # 1, 14 at ¶3.2 (emphasis added).

15  Therefore, there is no allegation of negligence and the actual claims alleged are clearly not

16  covered by the Policy.

17         Consequently, the issue of the duty to indemnify need not be addressed because the duty

18  to defend is broader than the duty to indemnify. *Truck Ins. Exch.*, 147 Wash. 2d at 760.

19

20

21

22  _____

23  [3] Defendants correctly point out that "[a] party claiming fraud must prove that a speaker of the
    fraud had <u>knowledge of its falsity</u>[, but that the] definition of negligent misrepresentation [only
24  requires] the element, <u>knew or should have known</u>." Dkt. # 27, 3 (citations omitted).

1

### III. CONCLUSION

2      Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

3 and the remainder of the record, the Court hereby finds and ORDERS:

4      (1)  Plaintiff's Motion for Summary Judgment (Dkt. # 17) is GRANTED.

5      (2)  Defendants' Cross Motion for Summary Judgment (Dkt. # 23) is DENIED.

6      (3)  The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel

7           of record.

8      Dated January 15, 2013.

9

10

11

12
                                   RICARDO S. MARTINEZ
13                                 UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24